## In re MAY.

### In re ACKER'S ESTATE.

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

DISTRIBUTION OF ESTATES—ACTION FOR LEGACY—LIMITATION.

 Under Code Civil Proc. N. Y. § 1819, providing that a cause of action for a distributive share of a decedent's estate "is deemed to accrue when the executor's or administrator's account is judicially settled, and not before," the claim of a residuary legatee under a will probated more than 20 years before the accounting is not barred, where the account shows that various payments will have to be made before the residuary legatee's interest can be ascertained.

Appeal from surrogate's court, Monroe county.

Jane A. May, executrix of Vashti Acker, appeals from so much of the decree settling her accounts which refuses to confirm the report of the referee to whom the settlement of the accounts had been referred. For former litigation, see 6 N. Y. Supp. 356, 357.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. H. Woodward,* for appellant. *Ivan Powers,* for respondent.

CORLETT, J. Vashti Acker died in the spring of 1862, leaving a will, which was admitted to probate by the surrogate of Monroe county in June of the same year. Jane A. May was appointed sole executrix. In May, 1882, she made a petition to the surrogate to have her accounts as executrix judicially settled. The petition was granted, and Ivan Powers, Esq., was appointed special guardian for Adie Hodges, Dwella Hodges, and Hattie A. Hodges, infants and heirs at law of the deceased. On the 17th day of July, 1884, the executrix rendered her account. The above-named infants, by their special guardian, and John W. Noble, W. Acker Noble, and Henry Noble, by their attorneys, all interested in the final accounting, filed objections to the account as rendered. In September, 1884, the matters in controversy were referred to C. C. Davidson, Esq., to take the testimony and proofs of the parties in relation to the account as rendered, and the objections thereto, and report the same to the surrogate's court, with his opinion thereon. The questions referred were tried before the referee. On the hearing the executrix interposed a plea of the statute of limitations to the contestants' claims. In February, 1886, the referee made his report, and his fourth conclusion of law was as follows: "The rights of the representatives of Theron A. Noble, and of the representatives of the children of Dorothy A. Clapp, to distributive share in the balance in the hands of Jane A. May, said executrix, except as to said proceeds of said Ganesville farm, are barred by the statute of limitations." The executrix, by the attorney for the appellant, made a motion to confirm the referee's report, and the contestants filed several exceptions to the report, including the fourth conclusion of law. On the 21st day of March, 1889, the order of reference was amended *nunc pro tunc,* so as to refer it to the same referee, "to examine the said accounts rendered, and to hear and determine all questions arising on the settlement thereof, and to make a report thereon, subject, however, to confirmation thereof by the surrogate of said county of Monroe." The surrogate's court confirmed the report of the referee, and

adopted his findings and conclusions of law, except the exception to the fourth conclusion of law, which the surrogate held was well taken, and it was sustained. The executrix, by her attorney, excepted to certain portions of the surrogate's decision, including his fourth conclusion of law; also the decision of the surrogate confirming the report of the referee as modified by him.

The central contention on this appeal relates to the fourth conclusion of law. It appears by the account of the executrix that all her proceedings since the probate of the will are included in the account; also in the findings of the referee. ' The account as rendered, and findings, clearly show the interests of the various parties, without the necessity of further prooof. Section 1819 of the Code of Civil Procedure provides that the "cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before." The judicial settlement in this proceeding was had on the 27th day of September, 1887. The contestants were residuary legatees. The whole case shows that various payments were to be made before the amount due to these contestants could be ascertained. An examination of the account rendered shows that the executrix and her attorney proceeded upon the assumption, as did all the parties, that the amount due to any of the parties could not be determined until the final accounting. The case falls within section 410 of the Code of Civil Procedure. No action could be maintained until after demand. When this is true, there can be no bar in the surrogate's court. *Drake* v. *Wilkie*, 30 Hun, 537; *Wood* v. *Rusco*, 4 Redf. Sur. 380. Section 1819 applies to all cases except where the statute of limitations had accrued before its passage. *In re Van Dyke*, 7 N. Y. St. Rep. 710; *Estate of Collins*, 6 Civil Proc. R. 85. The surrogate was right in holding that the statute of limitations had no application.

It is claimed by the learned counsel for the appellant that the surrogate's court had no power over the referee's report, except to affirm or reject in whole. In *Estate of Brooks*, 5 Dem. Sur. 326, the referee found that one-half of certain moneys belonged to the wife. On motion to confirm, the surrogate held that the whole of those moneys belonged to her, and modified the report accordingly. The question here, as in that case, is one of law. The statute of limitations being no bar, the facts found show what the decree should be. Sustaining the exception to the fourth conclusion of law involved no modification of the report, but simply the removal of an obstruction in the way of a distribution upon the facts found by the referee. Chapter 506 of the Session Laws of 1889 has no application. The appellant, having moved to confirm the report, can only object to that portion which the surrogate refused to confirm. In *Morgan* v. *Andariese*, 1 Bradf. Sur. 133, it was held that where a portion of a decree appealed from is reversed the remainder stands, except so far as necessarily affected by the reversal of the part. The decree appealed from is based upon the evidence submitted to the referee and his findings. His fourth conclusion of law would limit the amount of the contestant's recovery, but the surrogate's rejection of that conclusion requires the decree to be the same as if the referee had reached the same legal conclusion as the surrogate. The decree must be affirmed. All concur.